UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15CR405 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| ARIAN O'CONNOR, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #38) of Defendant, Arian O'Connor, to Suppress Evidence. For the following reasons, the Court denies the Motion.

**I. BACKGROUND**

On August 11, 2015 at approximately 1:00 p.m., two residents of 2435 Shirley Road, Apartment #4, Youngstown, Ohio, saw Defendant carrying a black short barreled shotgun with a pistol grip outside their dwelling. Then, these two witnesses saw Defendant in a gray 2014 Ford Focus, with the license plate number of CHY-P34. Defendant was a passenger and

the driver was a female subsequently identified as Defendant's girlfriend, Jennifer Price.

Approximately a half hour later on that same day, two witnesses saw Defendant and Price attempt to forcibly enter their residence at 495 Sunshine Avenue, Youngstown, Ohio. Defendant was holding a black short barreled shotgun with a pistol grip. The female resident called 9-1-1 and reported what she saw. Defendant and Price were seen fleeing in a 2014 gray Ford Focus.

While responding to the 9-1-1 call, Youngstown Police Officer Anthony Tulipano observed the gray Ford Focus, bearing the CHY-P34 plate, with Defendant in the front passenger seat. Ultimately, Youngstown police confirmed that Defendant had rented this vehicle through Enterprise Rental Car on August 10, 2015.

Also on August 11, 2015, the female witness at 495 Sunshine Avenue identified Defendant from a photo line-up, and confirmed the attempted forced entry and Defendant's possession of the shotgun in a videotaped interview with two Youngstown detectives.

On August 12, 2015, Officer Tulipano observed the same Ford Focus parked at 2108 Burbank Avenue, Youngstown, Ohio. A record check revealed that Defendant has a felony record and is prohibited under Ohio law from owning or possessing any firearms.

On August 12, 2015, Detective Sergeant Donald Scott of the Youngstown Police Department presented his Affidavit to a Youngstown Municipal Court Judge, attesting to these facts and to the belief that evidence or fruits of the crimes of Attempted Aggravated Burglary and Having Weapons While Under Disability would be found inside the residence at 2108 Burbank Avenue, Youngstown, Ohio or in the gray 2014 Ford Focus bearing Florida registration CHY-P34. The Search Warrant was issued on August 12, 2015 at 1:40 p.m. and

executed a short time later at the Burbank Avenue residence shared by Defendant and his girlfriend, Jennifer Price.

The Officers recovered a Maadi Company, Model Arm, 7.62 caliber rifle, serial number OK0763, loaded with 30 rounds of ammunition, and an Ohio driver's license, issued to Defendant on August 4, 2015 listing 2108 Burbank as his address.

On June 30, 2016, Defendant filed the instant Motion to Suppress, arguing that the Search Warrant was issued without probable cause, that the Affidavit contains uncorroborated hearsay of unreliable witnesses and that there was no nexus between the alleged criminal activity and the location of the search the following day.

## II. LAW AND ANALYSIS

**Standard of Review**

The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. IV.  Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner,* 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied,* 543 U.S. 1095 (2005) (citing *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)).

In *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983), the Supreme Court announced the

basic standard for determining whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  (Emphasis added).

*See also United States v. Helton,* 314 F.3d 812, 819 (6th Cir. 2003); *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir.1991).

A probable cause finding "should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236.  However, reviewing courts must ensure that the issuing magistrate or judicial officer did "not serve merely as a rubber stamp for the police."  *United States v. Leon,* 468 U.S. 897, 914 (1984), quoting *Aguilar v. Texas,* 378 U.S. 108, 111 (1964).  Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'"  *Leon,* at 915, quoting *Gates, supra*, 462 U.S. at 239.

A reviewing court assesses probable cause by focusing only on the four corners of the affidavit.  *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing *Whitley v. Warden*, 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973).  The probable cause standard is a "practical nontechnical conception." *Brinegar v. United States*, 338 U.S. 160, 176 (1949).  The probable cause findings of an issuing judicial officer "should not be set aside unless arbitrarily exercised."  *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993); *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993).

Upon review of Detective Scott's Affidavit and the Search Warrant, and in light of the

applicable law, the Court finds that Defendant's objections are not persuasive. The Affidavit contains a description by four eyewitnesses of Defendant's suspected criminal activity and his possession of a shotgun on August 11, 2015. The witnesses saw Defendant in the gray 2014 Ford Focus he rented the day before. Officer Tulipano saw Defendant in that car in the area on August 11, 2015 and then saw the vehicle parked at 2108 Burbank on August 12, 2015. One of the witnesses identified Defendant in a photo line-up and re-affirmed what she observed about Defendant and the shotgun in a videotaped police interview. Given all the circumstances set forth in the Affidavit, the Municipal Judge made the fair and practical inference that the gun which Defendant was prohibited from possessing would be found either inside Defendant's rental car or his Burbank residence.

### III. CONCLUSION

The Court holds that the Affidavit satisfied the strictures of the Fourth Amendment and provided the requisite probable cause to justify the issuance of the Search Warrant for the vehicle and premises located at 2108 Burbank Avenue, Youngstown, Ohio. Therefore, the Court finds that a hearing is unnecessary and denies Defendant's Motion (ECF DKT #38) to Suppress Evidence seized during the August 12, 2015 search as well as the results of any scientific analysis of the evidence.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated:  July 13, 2016