UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 4:15CR405 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **ARIAN O'CONNOR,** | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 93), filed more than two years after his conviction became final.  Because it is both untimely and without merit, the Court **DENIES** the Motion.

On November 10, 2016, the Court sentenced Defendant to 120 months after being found guilty of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  The Sixth Circuit affirmed the conviction and sentence.  Since then, Defendant has filed multiple post-conviction motions in multiple courts seeking to overturn his conviction.  His motions have met little success.

In 2019, the Supreme Court determined that the Government must prove a criminal defendant knew he was a felon before it could convict him of being a felon-in-possession of a firearm.  *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).  Believing *Rehaif* helped his cause, Defendant filed his instant motion to dismiss the conviction because the Court lacks subject matter jurisdiction.  (Doc. 93).  The Government opposed the request, citing both time and merit issues.  (Doc. 94).  Defendant filed a Reply and moved shortly thereafter to amend it. (Docs. 96 & 98).

Defendant's Motion fails for the reasons advanced by the Government. Rule 12 of the criminal procedure rules allows a defendant to challenge the jurisdiction of the court "any time while the case is pending." Fed. R. Crim. P. 12(b)(2). This matter has not been pending since 2018, when the Sixth Circuit issued its mandate. Therefore, his Motion is untimely.

Moreover, his Motion fails on the merits. As an initial matter, the Sixth Circuit has said *Rehaif* does not apply retroactively to defendants on collateral attack. *See Khamisi-El v. United States*, 800 Fed. App'x 344, 349 (6th Cir. Jan. 23, 2020) ("*Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law'"); *United States v. Burley*, 2020 WL 2126682 (N.D. Ohio May 5, 2020) (Gaughan, C.J.) (agreeing with "the district courts which have concluded that *Rehaif* does not apply retroactively to cases on collateral review"). Even if it did, the Court agrees with the Government in that there was ample proof that Defendant knew his status as a convicted felon at the time of his crime. His two prior convictions for felon-in-possession belie the argument that he did not know he was not a felon and thus prohibited from possessing a firearm.

Since Defendant's Motion fails both procedurally and on the merits, the Court **DENIES** his Motion. (Doc. 93). And since his Motion to Amend his Reply does not change this outcome, the Court **DENIES** that Motion (Doc. 98) as well.

**IT IS SO ORDERED.**

    s/ Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    Senior United States District Judge

**Dated: May 25, 2021**